IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY I. AND RUTH L. Pilot, as co-trustees on behalf of THE SIDNEY I. AND RUTH L. PILOT TRUST | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 09 C 6879 |
| v. | ) ) | Wayne R. Andersen District Judge |
| FOCUS RETAIL PROPERTY I, LLC, et. al. | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on Defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motions are granted in part and denied in part.

## BACKGROUND

Plaintiffs Sidney I. and Ruth L. Pilot ("Plaintiffs" or the "Pilots"), co-trustees on behalf of The Sidney I. and Ruth L. Pilot Family Trust, filed an eight count complaint against defendants Focused Retail Property I, LLC, David M. Drew, Focused Sanford, LLC, Focused Sanford Property II, LLC, Martin H. Graff, Martin J. Goldman, Graff-Goldman Interests, Inc., M.J. Goldman & Company, Ltd, GDG Management, LLC, M.H. Graff & Associates, Inc., Drew Holdings, Inc., and Austin Management Associates, Inc. (collectively, "Defendants").

The Pilots contend that they were misled in their decision to invest in certain defendants' shopping centers and were subsequently denied the proceeds of those investments. The complaint alleges that they relied upon the investment advice of defendant Drew, who, in conjunction with the other defendants, guaranteed the Pilots certain returns on the River Run,

Cedartown, and South Side Plaza shopping centers for a set number of years. Ultimately, the Pilots claim, the returns were neither as lucrative nor as protracted as expected, and they include the following counts in their complaint: Accounting (Counts I and II), Breach of Fiduciary Duty (Counts III and IV), Conversion (Counts V and VI), Fraud (Count VII), and Professional Negligence (Count VIII).

Defendants filed two motions to dismiss on December 30, 2009.

## **STANDARD OF REVIEW**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all

that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## DISCUSSION

### I. Counts I & II: Accounting

The Pilots claim that Defendants owe them an accounting due to a breach of fiduciary duty. As an equitable remedy, an action for accounting requires "the absence of an adequate remedy at law and one of the following: (1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature". *People ex rel. Hartigan v. Candy Club,* 149 Ill. App. 3d 498, 500 (Ill. App. Ct. 1st Dist. 1986).

It is not yet certain at this stage of the pleadings whether a remedy at law would be adequate. If the Pilots are indeed owed additional returns from the investments, and those funds have been dispersed or comingled with parallel entities as Plaintiffs may be suggesting, an accounting might be appropriate. *See ABM Marking, Inc. v. Zanasi Fratelli, S.R.L.,* 353 F.3d 541 (7th Cir. Ill. 2003) (poor record-keeping of owed royalties was appropriate grounds to grant an accounting as evidence was lacking to provide a remedy at law).

Furthermore, the Pilots need not exhaust their remedies at law before turning to the equitable remedy of accounting. When the basis of the claim lies in a breach of fiduciary duty, as the Pilots here allege, courts have recognized exceptions to the traditional accounting requirement that equitable recovery is only permitted if there is no remedy at law. *See People ex rel. Hartigan v. Candy Club,* 149 Ill. App. 3d 498, 500 (Ill. App. Ct. 1st Dist. 1986); *Mann v. Kemper Fin. Cos.,* 247 Ill. App. 3d 966 (Ill. App. Ct. 1st Dist. 1992). Defendants' Motion to

Dismiss Counts I and II is thus denied, as it is yet too early to determine whether this remedy is appropriate.

## II. Counts III & IV: Breach of Fiduciary Duty

A breach of fiduciary duty claim requires that (1) a fiduciary duty existed between the plaintiff and defendant; (2) the duty was breached by the defendant; and (3) the breach proximately caused the injury. *See Neade v. Portes,* 739 N.E.2d 496, 502 (Ill. 2000)*; Labor Ready, Inc. v. Williams Staffing, LLC,* 149 F.Supp.2d 398, 414 (N.D.Ill. 2001).

With respect to the managers and their corporations, the Pilots assert the existence, and thus a breach, of said fiduciary duty under the Illinois Limited Liability Company Act. Under the Act, "a manager is held to the same standards of conduct prescribed for members in subsections (b), (c), (d), and (e) of this Section," whereby (c) requires a "duty of care [in] refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." (805 ILCS 180/15-3). Assuming the facts in the complaint to be true, the Pilots may be "members" of the River Run, Cedartown, and South Side Plaza shopping centers' managing companies for purposes of the Illinois Limited Liability Act by virtue of their ownership interests in said companies (1/6 interest, 1/6 interest, and 1/2 interest, respectively).

Furthermore, as Defendants note, "under Illinois law, the 'essence' of a fiduciary relationship is one party's dominance over the other." (Defs.' Joint Mot. to Dismiss at 13). The existence of a fiduciary relationship thus depends on the specific details of the parties' relationship, and those details have not been fully developed at this stage of litigation. Based on the allegations contained in Plaintiffs' Complaint, it is plausible that Defendants owed a fiduciary duty to Plaintiffs, and it would be inappropriate for the court to dismiss this claim. Defendants Graff-Goldman, Graff, Goldman, Focused Retail, Focused Sanford, GDG

4

Management, M.H. Graff, M.J. Goldman, and Austin Associate's Motion to Dismiss Counts III and IV is therefore denied.

With respect to Defendant Drew, a fiduciary duty may be imposed in situations in which "a person solicits another to trust him in matters in which he represents himself to be expert as well as trustworthy, and the other is not expert and accepts the offer and reposes complete trust in him". *Burdett v. Miller,* 957 F.2d 1375, 1381 (7th Cir. 1992). The Pilots allege that Drew portrayed himself as an experienced investor and advisor, that they fairly blindly relied upon his advice, and that Drew enticed them to invest in tenuous business ventures. Drew may thus have a fiduciary duty to the Pilots, depending on the weight of various factors including the "degree of kinship, age disparity, mental condition, education, business experience between the parties, and the extent of the reliance" *Dvore v. Casmay*, 2008 U.S. Dist. LEXIS 75104 (N.D. Ill. 2008*)* (*Citing Magna Bank of Madison County v. Jameson,* 237 Ill.App.3d 614, 619 (5th Dist. 1992)). His Motion to Dismiss Counts III and IV is denied.

### III. Counts V & VI: Conversion

To state a claim for conversion, a plaintiff must allege: "(1) an unauthorized and wrongful assumption for control, dominion, or ownership by a defendant over a plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property. *Fonda v. General Cas. Co.,* 279 Ill. App. 3d 894, 899 (Ill. App. Ct. 1st Dist. 1996)

Defendants maintain that the Pilots seek to recover a general debt that is allegedly owed to them, rather than an identifiable piece of property such as a specific fund. General debts, even when they arise from "fraudulent misconduct" are not actionable. *Adams v. Pull'r Holding Co., LLC*, 2010 U.S. Dist. LEXIS 39751 (N.D. Ill. 2010). If, however, the Pilots are claiming that the

initial investments themselves were misappropriated to defendants' alleged parallel entities (Pls.' Resp. to Defs.' Mot. to Dismiss at 9), this may suffice to characterize the investments (rather than the allegedly due returns) as the converted property, as it is thus "capable of being described, identified or segregated in a specific manner." *Indep. Trust Corp. v. Fid. Nat'l Title Ins. Co.,* 2007 U.S. Dist. LEXIS 23898 (N.D. Ill. 2007). *See also Prescott v. Allstate Life Ins. Co.*, 341 F.Supp.2d 1023, 1028 (N.D. III. 2004)*; Bill Mareks The Competitive Edge, Inc. v. Mickelson Group, Inc.,* 346 III. App. 3d 996, 1003-04 (2d. Dist. 2004). Consequently, Defendants' Motion to Dismiss Counts V & VI is denied.

## IV. Count VII: Fraud

The Pilots contend that Defendant Drew induced Plaintiffs to invest in the River Run, Cedartown, and South Side Plaza shopping centers by knowingly misrepresenting the stability and financial viability of those investments. (Compl. ¶ 87). Under Illinois law, an action for fraud must allege the following: "(1) defendant made a false statement of material fact; (2) which defendant knew or believed to be false; (3) with the intent to induce plaintiff to act; (4) the plaintiff justifiably relied on the statement; and (5) the plaintiff suffered damage from such reliance." *Adams v. Pull'r Holding Co., LLC*, 2010 U.S. Dist. LEXIS 39751 (N.D. Ill. 2010) (citing *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.,* 250 F.3d 570, 574 (7th Cir.2001)). Federal Rule of Civil Procedure 9(b) additionally requires that an allegation of fraud particularly describe "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Bankers Trust Co. v. Old Republic Ins. Co*., 959 F.2d 677, 683 (7th Cir. 1992). *See also* Fed. R. Civ. P. 9(b).

This requirement of particularity is subject to a lower threshold of certainty at this stage of the proceedings. Because the facts supporting the allegation are still within the defendant's realm of knowledge, a claim of fraud at the Motion to Dismiss stage requires only that "the plaintiff identify the alleged misrepresentations, not actually prove that the statement was false." *Adams v. Pull'r Holding Co., LLC*, 2010 U.S. Dist. LEXIS 39751 (N.D. Ill. 2010) *See also Bankers Trust Co. v. Old Republic Ins., Co.,* 959 F.2d 677, 683 (7th Cir.1992). In their Complaint, the Pilots sufficiently allege those nominal facts: Defendant Drew represented the shopping center investments as long-standing sources of revenue, he allegedly knew that the centers were not anchored in such a way to provide the duration of returns which he had promised, and he further solicited the Pilots to follow his investment advice, ultimately to their detriment. (Compl. ¶ 87). Defendant Drew's Motion to Dismiss Count VII is thus denied.

V. **Count VIII: Professional Negligence**

Lastly, the Pilots bring a claim for professional negligence against Defendant Drew and Drew Holding. They allege that Drew breached his professional duty by "provid[ing] legal services to the Pilot Family Trust" (Compl. ¶ 99), then failed to provide good faith advice. A legal malpractice action requires that a Plaintiff allege: "(1) the existence of an attorney-client relationship; (2) a negligent act of omission on the part of the attorney; (3) proximate cause; and (4) actual damages." *Zimmerman Props. v. Grund*, 2007 U.S. Dist. LEXIS 8700 (D. Ill. 2007) (citing *National Union Ins. Co. v. Dowd & Dowd, P.C.,* 2 F.Supp.2d 1013, 1016 (N.D. Ill. 1998)).

Although the Pilots allege that Drew was appointed as a trustee of the Pilot Family Trust, and that they "virtually turned over all their financial affairs to Drew" (Compl. ¶ 27), the alleged negligence neither stems from nor overlaps with his duty as a legal advisor. The crux of the

7

Pilot's lawsuit against Drew and other Defendants is founded not on poor legal advice, but on the solicitation of their investments in unstable business ventures. Nowhere do the Pilots contend that Drew was acting within the scope of his duty as their attorney when he sought out investment opportunities for them and persuaded them to invest in the River Run, Cedartown, or South Side Plaza shopping centers. Thus, Defendant Drew and Drew Holding's Motion to Dismiss Count VIII is granted.

## CONCLUSION

For the foregoing reasons, Defendants' collective Motion to Dismiss Counts I – VI [32] is denied, and Defendant Drew and Drew Holding's Motion to Dismiss [34] is granted in part and denied in part. Drew's motion is granted with respect to Count VIII, and Count VIII is hereby dismissed. Drew's motion is denied with respect to all other counts.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: July, 19 2010